[Civ. No. 2848.    Second Appellate District, Division One.—May 11, 1920.]

## J. H. STONE, Respondent, v. PORTER–BURNHAM COMPANY (a Corporation), Appellant.

[1] Contracts—Sale of Potatoes—Action for Unpaid Balance—Execution of New Agreement—Evidence—Finding.—In this action brought to recover the unpaid balance of money due for a crop of potatoes sold and delivered by plaintiff to defendant, the evidence was sufficient to support the finding of the trial court that, after the original contract in which defendant agreed to pay a given price per pound was entered into, plaintiff and defendant did not enter into a new agreement whereby the first contract was rescinded and a new agreement of sale made at a reduced price, and that defendant did not receive the potatoes pursuant to such a new agreement.

APPEAL from a judgment of the Superior Court of Kern County.  J. W. Mahon, Judge.  Affirmed.

The facts are stated in the opinion of the court.

J. H. Morris for Appellant.

W. A. McGinn and Wm. B. Beaizley for Respondent.

CONREY, P. J.—Pursuant to the terms of a written contract the plaintiff delivered to the defendant a crop of potatoes for which the defendant agreed to pay at the rate of two cents per pound.  This action was brought to recover the unpaid balance of money due for the merchandise so delivered.  Judgment was entered in favor of the plaintiff for the amount demanded, and the defendant appeals from that judgment.

[1]  The answer of the defendant alleged that prior to the delivery of any of the potatoes it was learned that the potatoes were not of the quality specified in the written contract; that thereupon a new agreement was entered into whereby the first contract was rescinded and a new agreement of sale was made at the reduced price of $1.75 per hundred pounds; that pursuant to said new agreement the defendant received the potatoes thereafter delivered to it.

The court found against the defendant on the affirmative defense thus presented.  The only question presented on this appeal arises upon the contention of appellant that this finding of the court was not sustained by the evidence.  The writing alleged to constitute the new agreement was received in evidence in connection with the testimony of the defendant's agent, who testified that it was signed by the plaintiff in the presence of said agent and that he delivered to the plaintiff a copy thereof.  This was a receipt for money paid, with data indicating the $1.75 rate.  The plaintiff would not admit that the signature to such paper was his signature, but did admit that it looked like his signature.  On the other hand, he testified that the only paper which he did sign was merely a receipt for money, which did not contain the same figures contained in the document presented in evidence by the defendant; particularly that it did not contain any reference to the $1.75 price to be paid, and that

he did not receive any copy of the paper signed by him. Defendant's agent testified to the facts alleged in the affirmative defense to the effect that the plaintiff had agreed with him for a rescission of the original written contract and for a new sale at the reduced rate of $1.75 per hundred pounds. The plaintiff denied that such conversation ever occurred, and denied that he had signed any writing providing for such reduced rate. The testimony of the plaintiff as to these matters was corroborated by the testimony of disinterested persons who testified that defendant's agent had told them on the same day as the date found on said alleged new agreement, that defendant was paying the plaintiff for his crop of potatoes at the rate of two cents per pound, and that now he would not pay more than $1.75 for the potatoes of said witnesses because the market price had gone down. Without further outlining the evidence, enough has been said to show that the evidence is sufficient to support the finding of fact as made by the court.

The judgment is affirmed.

Shaw, J., and James, J., concurred.